Good morning, Your Honors, and may it please the Court. Jonathan Ogata from the Office of the Federal Public Defender here on behalf of Mr. Jonathan Garcia. I'll endeavor to reserve two minutes for rebuttal. This case presents three issues, each of which independently suffice for a reamend to the District Court. This morning, I would like to focus on the District Court procedurally erred in failing to explain Mr. Garcia's sentence and failing to address Mr. Garcia's sentencing arguments. The District Court erred when it failed to explain Mr. Garcia's sentence and failed to address Mr. Garcia's non-frivolous sentencing arguments. The District Court's obligation to address defendants' non-frivolous arguments and to explain their reasoning for imposing a sentence is rooted first and foremost in Section 3553C mandates the District Court shall state in open court the reasons for imposing an individual sentence. Now, this Court, in Cardi, explained, relying on the text of the statute in the Supreme Court's holding in the United States v. Rita, that the government is required to explain sufficiently for this Court or for an appellate court to review its sentence during the sentencing hearing. Mr. Ogata, we have several cases that say, that affirm a sentence with a very brief explanation, particularly when it's within the sentencing guidelines. What makes this particular brief explanation deficient in relation to some of those other cases? Yes, Your Honor, and I'll use three cases by way of example that the government cites in their brief. United States v. Valencia Barragan, United States v. Kleinman, and I believe they also cite United States v. Omskua Vasquez. In all of those cases, the District Court, though brief, did more than they did in this case. In each of those cases, the District Court, at the very least, cited and discussed Section 3553C. Now, our position is not that it's a magic words test. Our position is that appellate courts do what they often do, and that is take the District Court at its word. When a District Court says that it has reviewed the Section 3553C factors, the appellate court takes as true that the District Court, in fact, did that. Now, in this case, if you review the sentencing transcripts, I believe they begin on year 20, or at least the defense's arguments do, that the only mention of the 3553A factors comes from defense counsel in their discussion. The District Court never mentions the 3553A factors. I mean, is there anything in the record that would suggest that the court was not aware of the existence of these factors? The court did also say that it had reviewed the party's in those filings as well. I think that that's right, Your Honor. And the court did say that it reviewed all of those documents at the beginning of sentencing. But I suppose this goes, kind of straddles the explanation and the... And let me just say this. I'm sorry to interrupt, but you also have... We're reviewing this under a plain error review standard, aren't we? That's correct, Your Honor. So there has to be a very clear and obvious error and a substantial deprivation of a right? Yes, Your Honor. Under the error... We believe that the error... It needs to be an error. It needs to be plain, and that that error needs to have involved or implicated the defendant's substantial rights. But then what's your best argument for why this would be plain error? Because I hear a lot of error arguments, but why would it be plain? So our position is that this court, en banc, was very clear of the requirement of the District Court in CARDI. And what this court said is that the District Court needs to provide sufficient explanation for appellate review. It basically gave further explanation and a little teeth to Section 3553C, which text alone is also relatively clear. So if we look at the text of 3553C, just purely the text, and then buttress that with this court's en banc decision in CARDI, when the District Court doesn't provide that explanation and this court's sparse explanation, no citation to the 3553A factors at all, despite robust briefing on it, that that is error, and that error is plain. I don't know that this court could have been any more clear than it was in CARDI, and certainly the statute itself is also quite clear. So when you have a textually clear statute buttressed by a very clear decision from this court en banc of the requirements for a District Court judge, and when the District Court judge fails to comply with both the statute as well as the en banc ruling, our position is that that error is plain and that it, in this case, involved a deprivation of an individual's substantial rights. And Judge Sanchez, I just want to kind of circle back to your question and discuss what kind of the issue of what happened in this case and why we can't infer it from the record that the judge looked at these factors. I think the best example of that is that the sole statement that we have from the District Court judge in this case, that it looked at the defense arguments, relates to the District Court's one statement, it was one sentence, and he said, the court has departed slightly from the guideline range primarily on Mr. Garcia's prior trauma himself of being sexually abused. That's at ER 27. That was one of four arguments presented both in the briefing before the sentence in court as well as at sentencing. In fact, at sentencing, the defense's primary arguments didn't relate to the history and characteristics of Mr. Garcia. Rather, it related to the other three components that were raised in the sentencing briefing. Doesn't that cut against you, though? I mean, that suggests to me that the court was aware of what was filed in front of him and looked at these issues, was aware of the nature of the crime, the minor victims, the frequency of these contacts, and chose to mitigate the sentence somewhat from a recommendation of the maximum to what defense's recommendation was. That seems to me like an application of the 3553 factors. So I'm having a hard time seeing something in the record that would suggest the court was unaware of those factors and didn't know to apply them. I don't know, Your Honor, that we're searching the record for an indication that the court wasn't aware of the 3553 factors. Our position isn't that the district court was, you know, unaware of those at all. Our position is that the district court has an obligation to explain the sentence. And when arguments are raised by a defendant in a case that are non-frivolous, that same district court has a responsibility pursuant to the text of the statute to address those. That's the mandate of CARDI. And so in this case, what we have is the district court does make a brief explanation related to one of the 3553A factors. But what it does is does not provide an explanation of three of the other arguments. And the reason that in this case that is particularly important is because at sentencing, the defense presented an expert witness report, and that report was relatively lengthy, and it addressed the three remaining arguments in the sentencing memorandum. That same expert report was... You mean the policy arguments, the ones about the harshness of the policy guidelines? That was... Those were supported by the report, but the report also discussed recidivism, danger to the community, which all addressed other components, and I believe that those can be found at... The actual argument that was made can be found at ER 10 through 12 from defense counsel. And so this expert report was discussed by defense counsel at sentencing. It remained unrebutted by the government throughout the entire sentencing phase and was never addressed by the district court. So when the district court has an obligation, a statutory obligation that has been interpreted by this court en banc to explain the sentence and to address arguments, and three major arguments that were addressed not just in briefing but during sentencing itself remain undiscussed, even by the district court, not even mentioned, that is a violation, a plain error of both the text of the statute as well as this court's mandate in CARTI. I'll reserve the remainder of my time unless there's any questions from the panel. Thank you, counsel. Thank you. We'll hear from the government. Good morning, your honors. May it please the court, Senator Leah Pring on behalf of the United States. We ask this court to affirm the sentence that was imposed in this case, a below-the-guideline sentence of 300 months involving a serial predator of numerous minors. There was no error, much less clear error, when a district court imposed a below-the-guideline sentence of 300 months. Just to start, defendant was originally facing a guideline range of life, and then defendant's guideline range was revised downward to 360 months. The range of 360 months was recommended by the government and by the probation officer. And I understand and I appreciate this emphasis on the below-guideline sentence, but that doesn't, even for a below-guideline sentence, you still have to comply with the statutory factors, right? Yes, your honor, but I think CARTI is clear that a district court does not need to take off every single 3553 factors, and that the explanation for the sentence can be inferred from the court, inferred from the entire record, which I think is clear from the entire record in this case. I mean, it is a very cursory explanation, wouldn't you agree? There was very little mentioned at sentencing here, so it does require us to really strain to figure out what the court was thinking about in some ways. I'm not saying that other cases don't also do this, but this was a little bare-bones. We want easier cases to come up. Yes, your honor, the explanation was brief, but there were no, and there were, this was not a case involving, you know, lengthy evidentiary as to contested facts or difficult legal questions that the district court had to resolve before resolving any guideline disputes or things like that. This was a pretty straightforward case. What is the outer limit? I mean, if the district court didn't even mention, here he mentioned one of the factors, if the district court didn't even mention that one, would that be enough to say, no, you've got to take another look at this? If the defense counsel had not actually walked through all the factors, would we then say, well, the factors weren't even presented to the judge? Do we look at the prior history of the judge and say, he's done this so often, he knows it? Where's the outer limit of this? Well, the court has held in Cardi that this court may presume that a district court knows the law and knows of his obligations to follow his obligations when he conducts a sentencing hearing. If the explanation... The problem is you take that too far, and then all of a sudden we've read the statute out of existence. Yes. I understand, Your Honor. Of course, the explanation, we can see that the explanation was brief, but it was clear from the... It's clear when you look at the record as a whole that, you know, district court, you know, made sure that it had received and reviewed all the relevant documentation for the sentencing hearing. It gave defense attorney to make further arguments or elaborate on more arguments. It then ruled against the defense counsel and ruled in favor of the government as to the sentencing enhancement. It also heard testimony from the two family members of the victim, one, the nine-year-old victim at the time of the crimes, and then it imposed it's below the guideline sentence. What about Mr. Acotta's argument that there were other substantive arguments raised in the defense brief and at the sentencing hearing that were not addressed? Is that enough under CARDI to find plain error here, to not have addressed those? CARDI states that there is no need to, you know, to suggest each relevant 3553 factors, and that the... I apologize for repeating myself, but the adequate explanation can be inferred. But this is, I guess, a different point, which is if there are substantive arguments being raised, and we all know that a district court doesn't have to go through each and every argument that's raised, but if it misses a number of them, do we look at that differently under CARDI? Not when the result is a below the guideline sentence, and it is clear from the explanation given for the sentence and through the entirety of the sentencing that the district court did consider the arguments that were raised by defense counsel for sentencing. So we have to be based on the drawing inferences from the record. Yes. Would we be in a different posture if this were a different standard of review than plain error? That would probably be a closer call. I acknowledge that that would be a closer call, but we are under a plain error standard here, and we, the governments that missed that, there was no error. There was certainly no clear error, and there is nothing in the record that suggests that the district court would have imposed a different lower sentence. And I guess that makes sense, because if the defense counsel had objected and said, hey, I want more explanation, the district court would have given it. Yes, Your Honor. So we probably wouldn't end up being, I mean, that would be unusual for a district court to say, thank you, I'm glad you want more explanation of the statute, but I'm not giving  I think that would be a closer case. Yes, Your Honor. Can I ask about the supervised release? Is the government opposing a limited remand for purposes of conforming that? Your Honor, the government recognized that that is a closer call. You know, when you just look at the sentence hearing, it's obvious that the oral pronouncement conflicts with the written judgment, and usually that should, you know, the oral judgment, oral pronouncement of the judgment should control. But when you zoom out a little bit, the parties did file a plea agreement in this case where the parties negotiated and stipulated to the terms of supervised release. And going back to the sentencing hearing, there's no indication at all in the record that the district court meant to not adopt the party's stipulation, stipulation as to the supervised release conditions. And I understand the government's, it's no fault of your own, but there is enough of a difference from the oral pronouncement that it doesn't seem to be a technical or ministerial, you know, change, which would make sense to then remand it on a limited basis to give defense a chance to object, although I don't know how far that'll go if there was an agreement under the plea agreement. Yes, Your Honor. So, if this court is inclined for, inclined to order that the sentence be sent back to correct that error, the government would not be opposed to that. Okay. Okay. If, I would, I see that I have two minutes on the clock, I could address the substantive reasonableness. The opening brief characterized defendants of crimes as atypical, that it was less egregious on the child pornography production guideline spectrum. The government rejects that, rejects that characteristic. This case was actually on the more egregious end of the child pornography production guidelines, because based on the fact that defendant had admitted to soliciting pictures from 50 to 100 minor age girls over a period of four years, he pretended to be a minor himself, and because of the nature of the images that he solicited from his victims, they weren't just like, give me nude pictures, give me sexy pictures. It was, I want you to insert foreign objects into your body, insert something into your body and send it to me. He demanded increasingly more graphic photos and videos from the victims, such as asking victim one was nine years old to insert, do you have something bigger than a marker, do you have a boy dog? Of course, at the time the defendant was committing his online crimes against victim one and victim two, he was on pretrial release in a different state case for committing hands-on offense against another minor. He had begun to act out on his sexual interest against minors. And there's assumption made that online crimes against minors are less heinous and less egregious because of the fact that they are online crimes. The government rejects that assumption, and there is positively heart-wrenching testimony in the sentencing transcript from the mother and aunt of victim one, who was nine years old at the time, about the effect that defendant's crimes has had on their family, how it has taken away victim one's innocence, how it has shattered their trust in everybody, how it has turned her daughter from a happy, loving child into a child who's suicidal, has anxieties, it has to be medicated, had to be pulled from school. And because of what happened, the mother talked about how she can't even trust anybody to watch her children, how she can't even trust her own father to watch their children, she can't even trust her new partner, how she wakes up in the middle of the night wondering her children are not safe. So this was, the 25-year sentence I was given was entirely reasonable in this case, Your Honor. And with that, the government is admitted. Thank you. Thank you, counsel, for your arguments. We'll hear rebuttal. You have a little over a minute. Thank you, Your Honors. Two points on rebuttal, if I can reach them both, the first related to the first issue, and then the second related to the third issue that Judge Nelson asked the government related to a limited remand. Judge Sanchez, you asked the government during their argument about the issues that were not discussed by the judge, specifically the ones that we talked about related to the expert witness and, or excuse me, the expert report that we filed during sentencing. The government's response to you was that you can infer what the court intended related to the sentence, their reasoning and justification from the record. The problem with that argument is that it was never addressed by the government in their briefing. It was only addressed by defense. It was raised again by the defense during the sentencing hearing and remained unaddressed by the judge. It was also not addressed in the PSR. So if the court is to divine anything from that, it is that the district court didn't address an argument that was presented by the defense both in briefing and during the hearing that cannot be inferred from the record because the PSR is silent on it and the government didn't rebut it. At least on that point, the district court should have gone back, or this case should go back to the district court for them to cure that. And briefly, if I can, Your Honor, just on issue three, we believe that a remand would be appropriate for the purposes of at the very least conforming the written judgment to the oral judgment as is required, and we believe that that is supported by United States v. Montoya. Okay. Thank you. Thank you to both counsel for your arguments in this case. The case is now submitted.
judges: NELSON, VANDYKE, SANCHEZ